UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01185-JVS-RAO | Date | October 16, 2025 |
| Title | Javier Sosa v. Nissan North America, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

Proceedings:   **[IN CHAMBERS] Order Regarding Motion to Remand [12]**

Before the Court is Plaintiff Javier Sosa's ("Sosa") motion to remand. (Mot., Dkt. No. 12.) Defendant Nissan North America, Inc. ("Nissan") opposed (Opp'n, Dkt. No. 16), and Sosa replied (Reply, Dkt. No. 17).

For the following reasons, the Court **DENIES** the motion.

## I. Background

Sosa filed a Complaint in Orange Superior Court, alleging that his 2023 Nissan Frontier was defective and seeking a refund of the purchase price. (Compl., Dkt. No. 1., Ex. A) Sosa alleges Nissan violated the Song-Beverly Act and seeks relief for (1) breach of implied warranty and (2) breach of express warranty. (Id. ¶¶ 14–34) Nissan, a Delaware Corporation with its principal place of business in Tennessee, answered the Complaint on May 22, 2025, and filed a notice of removal pursuant to 28 U.S.C. § 1446(d) on May 27, 2025. (Notice of Removal, Dkt. No. 1.)

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties could have originally filed the case in federal court. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997). Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01185-JVS-RAO | Date | October 16, 2025 |
| Title | Javier Sosa v. Nissan North America, Inc. et al | | |

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Thus, the removing party bears the burden of demonstrating that removal was proper. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

### III. Discussion

Nissan asserts two grounds for remand: (1) Sosa's failure to establish the amount in controversy and (2) comity principles weighing in favor of remand.[1] (See generally Mot.) The Court addresses both issues in turn.

    A.    *Amount in Controversy*

When the plaintiff contests the removing defendant's alleged amount in controversy, the Ninth Circuit requires the defendant to prove the amount by a preponderance of evidence. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 88–89 (2014). However, the standard is not so taxing as to require the defendant to "research, state, and prove the plaintiff's claims for damages." Coleman v. Estes Express Lines, Inc., 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010). The defendant must simply demonstrate that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. Id.

Because the amount in controversy is not a prospective assessment of liability, but just an estimate of the amount in dispute, it "reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019) (citing Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010)); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018) (explaining that the amount in controversy includes all amounts "at stake" in the

---

[1] Sosa introduces a new argument in the Reply: that "Defendant has failed to carry its burden here to show complete diversity," specifically regarding his domicile. (Reply at 3.) However, "arguments raised for the first time in a reply brief are waived." Autotel v. Nevada Bell Tel. Co., 697 F.3d 846, 852 n.3 (9th Cir. 2012). Therefore, the Court only looks to Sosa's amount in controversy and comity arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01185-JVS-RAO | Date | October 16, 2025 |
| Title | Javier Sosa v. Nissan North America, Inc. et al | | |

litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them").

Defendant Nissan argues that the amount in controversy is met by summing actual damages, civil penalties, and attorneys' fees. Plaintiff Sosa claims that these quantities are each too speculative to sum to the statutory threshold of $75,000. (See Mot. at 4–6.) The court examines each type of damages.

    1.    <u>Actual Damages</u>

Under the Song-Beverly Act, actual damages are equal to the actual price paid or payable by the buyer, less the reduction in value "directly attributable to use by the buyer," such as mileage offsets. Cal.Civ.Code § 1793.2(d)(2)(B)–(C). In his Complaint, Sosa does not estimate damages, but only states "Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act." (Compl. ¶ 31.) In later briefing, both parties identify the vehicle purchase price as $51,794.24. (See Notice of Removal at 4; Mot. at 5.) In its removal notice, Nissan estimated the offsets as $9,600, bringing the estimate of actual damages to $42,194.24. (Notice of Removal at 4; Opp'n at 4.) In its opposition to the motion to remand, Nissan updates its actual damages estimate to $34,855.24, accounting for deductions in part based on the vehicle's repair history. (See Opp'n at 4; id., Ex. B.)

Sosa argues that these actual damages calculations are "speculative" and unsupported by evidence. (See Reply at 5; Mot. at 5.) He claims that the offset amount is not ascertainable because the parties must agree on the mileage of the vehicle at the time of repair. (Reply at 5.) Sosa also claims that Nissan provides no facts indicating how many payments have already been made, thus making his potential recovery speculative. (Id.)

The Court finds Sosa's argument unavailing. A defendant may meet its preponderance burden through "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations" founded on the allegations of the complaint." See <u>Mpock v. FCA US LLC</u>, No. 121-cv-00330, 2021 WL 5356472, at *10 (E.D. Cal. Nov. 17, 2021) (finding the defendant provided adequate evidentiary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01185-JVS-RAO | Date | October 16, 2025 |
| Title | Javier Sosa v. Nissan North America, Inc. et al | | |

support for estimated actual damages by providing the installment sales contract, even without accounting for mileage offsets). A defendant need not "research, state, and prove" a plaintiff's claims for damages. See id.

Given this standard, Nissan has met its burden of proof. Nissan supports the basis of its actual damages calculation with evidence from the Contract and the vehicle's repair history, even though it is not required to. See Selinger v. Ford Motor Co., No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *7 (C.D. Cal. Apr. 5, 2023) (finding that a removing defendant is not obligated to present evidence regarding mileage offset to establish the amount-in-controversy in a Song-Beverly case). Nissan has made reasonable inferences given the information in its possession to meet support its actual damages calculation.

By contrast, Sosa provides no basis for challenging Nissan's estimate as speculative. Sosa fails to cite, and the Court is unaware of, any law that requires the parties to agree on the mileage of the vehicle before it can be calculated as an offset. Thus, in light of Sosa's failure to state or provide evidence as to the actual damages he is seeking, the Court finds that Nissan's estimate of $34,855.24 in actual damages is reasonable.

2. Civil Penalty

Under the Song-Beverly Act, the plaintiff can recover civil penalties up to twice the amount of actual damages. Cal. Civ. Code § 1794(d). District courts in the Ninth Circuit are split about whether this civil penalty is accounted for in amount in controversy calculations. See Mpock, No. 121-cv-00330, 2021 WL 5356472, at *11 (summarizing cases finding inclusion of civil penalty was determined by allegations). But when the complaint allegations point to an award of punitive damages, courts tend to include the Song-Beverly civil penalty in the amount in controversy calculation. Id.

Sosa argues that it is pure speculation as to whether a civil penalty should be applied. (Reply at 6–7.) He also argues that because the civil penalty is based on actual damages, it is also too speculative to be accounted for in the amount in controversy calculation. (Mot. at 4.) But in his Complaint, Sosa specifically alleges willfulness. (Compl. ¶ 20 ("Defendants . . . knew of their obligations under the Song-Beverly Act;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01185-JVS-RAO | Date | October 16, 2025 |
| Title | Javier Sosa v. Nissan North America, Inc. et al | | |

however, despite Plaintiff's demand, Defendants . . . have intentionally failed and refused to make restitution or replacement. . ."; Opp'n at 7.)

In determining the amount in controversy, the Court must accept allegations in the Complaint as true; thus, the Court assumes that at least some of the penalty is warranted. See Mpock, No. 121-cv-00330, 2021 WL 5356472, at *12 (citing Henry v. Cent. Freight Lines, Inc., 692 F. App'x 806, 807 (9th Cir. 2017)) (finding that because the complaint described the defendant's behavior as "willful," at least some of the Song-Beverly Act civil penalty is warranted and should be included in the amount in controversy calculation). And as the amount in controversy reflects the maximum that the plaintiff could recover, Nissan correctly adds the full civil penalty to the amount in controversy calculation. See Arias, 936 F.3d at 927.[2]

Thus, Nissan correctly calculates that combining actual damages with the maximum double civil penalty, ($34,855.24 + 2*($34,855.24)), equals $104,655.72. (Opp'n at 7–8.)

      3.      Attorneys' Fees

As the sum of actual damages and civil penalties meets the statutory threshold for the amount in controversy, the Court need not address the inclusion of attorneys' fees. Therefore, the Court has subject matter jurisdiction over this claim.

      B.      *Comity*

Alternatively, Sosa argues that issues of comity urge the Court to remand this case back to state court. (See Mot. at 2, 6–8.) Specifically, Sosa argues that because the Complaint's two causes of action are rooted in state law (the Song-Beverly Act), state court is the more appropriate venue. (Id. at 7.) He claims that federal jurisdiction will interfere with California's authority over its own statute. (Id. at 8.) Sosa also points out

---

[2] Furthermore, the Court finds that Sosa's argument that because actual damages are speculative then civil penalties based on those actual damages are also speculative unavailing. (Mot. at 5–6.) The Court has already determined that Nissan's actual damages calculation meets the preponderance of the evidence standard.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01185-JVS-RAO | Date | October 16, 2025 |
| Title | Javier Sosa v. Nissan North America, Inc. et al | | |

that an allegation of willfulness, which suggests a civil penalty of maximum double actual damages, will almost always allow a case to be removed to federal court; the more willful the defendant is, the more likely the claim will not be heard in California.  (Id. at 8–9.)  In response, Nissan argues that comity cannot be used as an excuse for the Court to use its own discretion.  (Opp'n at 10.)

The Court finds that numerous courts have declined remand motions in Song-Beverly cases, rejecting the same comity arguments where the Court found diversity jurisdiction.  See, e.g., Canesco v. Ford Motor Co., 570 F. Supp. 3d 872, 903–04 (S.D. Cal. 2021) (collecting cases); Reed v. Thor Indus., Inc., No. 2:24-CV-04012-AB-PVC, 2024 WL 4009623, at *4 (C.D. Cal. Aug. 30, 2024) (same);  BNSF Ry. Co. v. O'Dea, 572 F.3d 785, 793 n.2 (9th Cir. 2009) (Fisher, J., concurring) ("[D]istrict courts sitting in diversity ... lack the option of refusing state law claims out of consideration for 'judicial economy, convenience, fairness, and comity.'").  Sosa cites no basis for extending comity considerations to diversity jurisdiction.  See Reed, No. 24-cv-04012, 2024 WL 4009623, at *4; Brooks v. Ford Motor Co., No. 20-cv-0302, 2020 WL 2731830, at *5 (C.D. Cal. May 26, 2020) ("Plaintiff's argument that state law claims are necessarily more appropriately heard in state court ... would eviscerate diversity jurisdiction, which necessarily presumes only state law claims are at issue ... Song-Beverly claims have been extensively litigated in state and federal courts and federal courts are equally capable of applying state law.")

Accordingly, this Court finds that because it has diversity jurisdiction over this action, the Plaintiff's comity argument is inapposite.  See Canesco, 570 F. Supp. 3d 872, 903–04.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the motion to remand.

**IT IS SO ORDERED.**

The Court further finds that oral argument would not be helpful on this matter.  Fed. R. Civ. P. 78; L.R. 7-15.  Accordingly, the Court **VACATES** the October 20, 2025, hearing.